THURMAN, Plaintiff-Appellee, v. THURMAN, Defendant-Appellant.

Ohio Appeals, Second District Franklin County

Nos. 3637, 3652. Decided February 11, 1944.

Frank H. Ward, Columbus, for plaintiff-appellee.
John R. Shickler, for defendant-appellant.

## OPINION

By GEIGER, J.

Each of these cases is appealed from the Court of Common Pleas and involves the divorce proceedings between the

parties originating in that Court. The question involved in No. 3637, from which the appellant appeals, is the action of the plaintiff in dismissing her petition after the defendant had filed his cross-petition against her.

We are of the opinion that under the statute the plaintiff below could properly dismiss her action, so long as such action was not definitely forbidden by the provisions of the statute, which it was not in this case.

Sec 11586 provides that actions may be dismissed without prejudice to a future action,

(1) By the plaintiff before its final submission;

(2), (3), (4), (5) By the Court;

(6) By the plaintiff in vacation etc.

This clause shall not apply to a petition in error or a case in which a counterclaim or set-off has been filed. In all other cases the decision must be on the merits upon trial of the action.

After the plaintiff in case No. 3637 had dismissed her petition she brought a new action, numbered in this Court 3652. The defendant appeals from the order of the Court fixed the sum of $75.00 as the amount to be paid by him to the plaintiff for her expense money as provided by the statute.

We are not committed to the proposition that the fixing of temporary alimony or expense money in the trial court is a final order from which appeal may be taken, but if such an appeal is permitted this Court cannot pass upon the question raised in this case without a bill of exceptions, which is lacking. The claim of the appellant is that his wife was well able to finance the expense of her divorce proceeding and that he was without funds to respond to the order of the Court because of the condition of his health and the lack of employment. He makes no showing of this matter except his allusion to certain affidavits filed setting out such relative financial condition. We can not regard these affidavits as properly presenting to us the evidence in the case so as to enable us to determine that there was error in the Court below in requiring him to pay the sum designated by the Court's order. The case is presented to us as though the Court below erred by reason of the fact that the wife did not require any expense money on account of her greater financial ability than that enjoyed by him.

This Court cannot determine this question without a bill of exceptions.

Both appeals dismissed.

BARNES, P. J., and HORNBECK, J., concur.